UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUAN ALBERTO SALAZAR-MENDOZA,<br>Petitioner,<br>v.<br>BRUCE SCOTT,<br>Respondents. | CASE NO. 2:26-cv-03243-GJL<br><br>ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Juan Alberto Salazar-Mendoza is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 9. On September 22, 2026, Petitioner, through counsel, filed an Amended habeas corpus Petition under 28 U.S.C. § 2241, seeking immediate release. *Id.* Respondents include Bruce Scott (Warden of the NWIPC) and Markwayne Mullin (U.S. Department of Homeland Security ("DHS") Secretary).[1] The Amended Petition is fully briefed. Dkts. 9, 10, 13.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Amended Petition (Dkt. 9) and **ORDERS** Petitioner's immediate release as set forth below.

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 7.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Mexico who has lived in the United States for approximately twenty-three years. Dkt. 9 at 2–3. Petitioner is a member of the certified "Bond Denial Class" in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), which was affirmed by the Ninth Circuit in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). In a previous habeas action filed by the Petitioner, United States District Judge Tiffany M. Cartwright found that Petitioner's mandatory detention without individualized process was unlawful, granted habeas relief, and ordered that Petitioner receive an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 16 at 2–3; *Salazar-Mendoza v. Scott*, 2:26-cv-02639-TMC, Dkt. 6 (W.D. Wash. Aug. 14, 2026).

Pursuant to that relief, Petitioner received a bond hearing before Immigration Judge ("IJ") John Odell on September 2, 2026. Dkt. 9-1. In advance of the hearing, Petitioner submitted evidence in support of his request for release. Dkt. 9 at 4–5; Dkt. 16 at 11–93. Among other things, Petitioner's submissions demonstrating his residence in the United States for more than two decades, his remote criminal history (including DUI and hit-and-run convictions in 2007 and 2016), his marriage to a United States citizen, his familial and community ties, his employment history, including union employment, and his ongoing efforts to secure relief from removal. Dkt. 16 at 11–93. The government's evidentiary submissions included a DHS I-213 Form, which described Petitioner's alleged failure to comply with orders to exit his vehicle during his immigration arrest. *Id.* at 5–10.

IJ Odell denied bond and issued a written bond decision on a checkbox form marking the following:

[X] ORDERED that the request for a change in custody status be denied. No bond.

[X] Danger to Community and Flight Risk.

* * *

[X] OTHER: Conditional release is: denied.

[X] OTHER: Ability to pay considered.

Dkt. 9-1 at 2. The checkbox order does not include *any* other reason, explanation, or discussion of the bond denial decision or the evidence upon which it rested. *Id.* No neutral contemporaneous record of the bond proceedings was created. Dkt. 15. There is no further written record of the bond denial decision from the perspective of the IJ, and no other evidence of the IJ's decision has been made available for the Court's review. *Id.*

## II. PROCEDURAL BACKGROUND

Petitioner filed his Amended Petition and supporting materials on September 22, 2026. Dkts. 9, 9-1. Respondents filed a Return and supporting materials on September 24, 2026. Dkt. 10; Dkts. 11, 11-1–11-5; Dkt. 12. Petitioner filed a timely Traverse. Dkt. 13.

Thereafter, the Court directed Respondents to submit supplemental filings, including (1) the complete administrative record submitted for IJ's review at Petitioner's bond proceedings, (2) any neutral contemporaneous record of Petitioner's bond proceedings, including any audio recording or transcript of the bond hearing, and (3) any written bond memorandum issued by the IJ concerning Petitioner's bond proceedings. Dkt. 14. If one or more of the above records were unavailable, the Court further ordered that Respondents file a declaration explaining their unavailability. *Id.*

On October 26, 2026, Respondents filed a copy of the administrative record, Dkt. 16, and a Declaration stating that no neutral contemporaneous record of Petitioner's bond proceeding was created and that the IJ had not prepared a subsequent written memorandum, which are

ordinarily created when a party files an appeal of the IJ's decision to the Board of Immigration Appeals ("BIA"). Dkt. 15.

Thus, this matter is now fully briefed and ready for consideration by the Court.

## III. HABEAS STANDARD

Federal courts have the authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and...the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV. DISCUSSION

In his Amended Petition, Petitioner argues that the IJ's bond determination was arbitrary and an abuse of discretion, that exhaustion of administrative remedies should not be required, and that immediate release is the only appropriate remedy. Dkt. 9. In their Return, Respondents argue that Petitioner should be required to exhaust administrative remedies through the BIA and, in any case, they maintain that Petitioner's immigration bond proceedings complied with due process and that the IJ did not abuse his discretion. Dkt. 10. The Court agrees with Petitioner that exhaustion is properly waived, that the IJ's bond determination constituted an abuse of discretion, and that he is entitled to immediate release.[2]

[2] Notwithstanding the jurisdictional limitations in 8 U.S.C. § 1226(e), the Court also finds it has jurisdiction over Petitioner's claims. *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022); *Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432, at *4 (N.D. Cal.

First, exhaustion is not required here. As recently noted by another court in this District, waiver of that requirement is appropriate given the frequently delayed remedies available through the BIA and the comparatively swift relief available via habeas corpus proceedings:

> If Petitioner is correct that [his] detention is unlawful and h[is]immediate release is required, even a successful BIA appeal process is no adequate substitute for the swifter redress available through the habeas writ. A petition for writ of habeas corpus is "entitled by statute to special, preferential consideration to insure expeditious hearing and determination." *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737–38 (9th Cir. 1954). This is for good reason: the Constitution cannot abide the prolonged confinement of a person who by law should be at liberty. Therefore, "[t]he application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from [her] within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000).

*Roberts v. Scott*, No. 2:26-CV-01333-TL, 2026 WL 2071146, at *4 (W.D. Wash. July 17, 2026) (last alteration in original). Moreover, Petitioner identifies individualized harms caused by his continued detention pending BIA appeal, such as prolonging his separation from his family, including his wife who is a United States citizen, and constraining his ability to support them. Dkt. 13 at 5. Thus, the Court concludes that the circumstances presented here warrant waiver of the exhaustion requirement.

Next, the Court finds that Petitioner has satisfied his burden of demonstrating by a preponderance of the evidence that reviewable legal or constitutional errors pervaded his immigration bond proceedings and warrant the grant of habeas relief.

The record before the Court contains no evidence of the IJ's reasoning for denying bond. No neutral contemporaneous record of the proceeding was created, and there is no evidence of any oral decision rendered by the IJ. No subsequent written memorandum was prepared by the IJ, and the contemporaneous written bond decision was issued on a checkbox form with no

---

Nov. 6, 2018) ("[A] district court has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional.") (collecting cases).

explanation of the legal or factual basis for the decision. Dkt. 9-1. As a result, Petitioner, Respondents, and this Court can only speculate as to what combination of facts and law formed the basis of the IJ's decision. A decision that, for Petitioner, deprived him of a fundamental liberty interest for which he is guaranteed constitutional due process. On this record, the Court cannot find Petitioner was provided the process due to him.

Respondents speculate[3] that the IJ *may have* relied on Petitioner's remote criminal history, which included DUI and hit-and-run convictions in 2007 and 2016, and allegations that Petitioner did not comply with orders to exit his vehicle during his immigration arrest. Dkt. 10 at 13–14; Dkt. 16 at 8–10. Even if this speculation is well placed, neither circumstance appears to support a rational bond denial decision, especially without a record of the IJ's reasoning, the legal principles applied, the evidentiary basis for the decision, and the weight assigned to competing evidence presented in Petitioner's case.

Even where a more robust record of the IJ's decision was available for review, this Court has previously found that allegations of noncitizen's isolated conduct during arrest, particularly conduct not including affirmative resistance, did not support a rational flight risk finding. *See, e.g., Layata Hernandez v. Hernandez*, No. 2:26-CV-01574-GJL, 2026 WL 1723680, at *8 (W.D. Wash. June 15, 2026); *Loya Medina v. Hernandez*, No. 2:26-CV-00772-GJL, 2026 WL 1260848, at *7–8 (W.D. Wash. May 7, 2026). Criminal history also does not automatically

[3] Respondents appear to attribute the absence of a written memorandum explaining the IJ's decision to Petitioner's failure to file an appeal to the BIA, which would ordinarily trigger the preparation of such a memorandum. Dkt. 15. However, Respondents had the opportunity to develop the record of the IJ's reasoning when filing their Return and were afforded an additional opportunity to supplement the record. *See* Dkt. 14. Nothing before the Court suggests that the IJ could not have prepared a written memorandum explaining his decision in the absence of a BIA appeal, nor is there any indication Respondents were prevented from submitting other evidence of the IJ's reasoning, including through a declaration describing any oral decision from an individual present at the hearing. Having been afforded these opportunities to develop the record, Respondents instead rely on speculation as to the IJ's reasoning. Such speculation is insufficient to permit meaningful judicial review of the IJ's decision or demonstrate that Petitioner received the individualized process due to him.

provide a rational basis for a bond denial decision. *Sandoval v. Hernandez*, No. 2:26-CV-01198-JNW, 2026 WL 1661379, at *5 (W.D. Wash. June 9, 2026) (noting that "minor" and "remote" criminal convictions could not rationally support bond denial for dangerousness or flight risk); *Layata Hernandez*, 2026 WL 1723680, at *7 (similar and collecting authority).

Indeed, as recently discussed in *Gallego Soto v. Hernandez*., No. 2:26-CV-02557-LK, 2026 WL 3181171, at *5 (W.D. Wash. Oct. 23, 2026), IJs abuse discretion when they deny bond based on criminal history without meaningfully considering the "circumstances surrounding the offense, its recency, or its severity, as required by BIA and Ninth Circuit precedent." *Id.* Here, as in *Gallego Soto*, there is no evidence the IJ considered the circumstances, recency, or severity of Petitioner's criminal history when determining that Petitioner posed a flight risk or danger and, as such, the resulting bond denial decision reflects a misapplication of law to the facts of Petitioner's case and constitutes an abuse of discretion. *Id.* (collecting cases).

Accordingly, the Court finds that the IJ abused discretion in denying bond and that Petitioner's continued detention pursuant to that decision violates due process. *See Soto Gimenez v. Hernandez,* No. 2:26-CV-00966-GJL, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026) ("Bond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case. Where those minimum requirements are not met, a resulting bond denial decision violates due process.").

Finally, with respect to the remedy, the Court finds that immediate release rather than a conditional writ requiring that another bond hearing be provided is the appropriate remedy here. Indeed, Respondents have already been afforded an opportunity to cure legal deficiencies underlying Petitioner's detention and that they failed to do so. Dkt. 16 at 2–3; *Salazar-Mendoza*, 2:26-cv-02639-TMC, Dkt. 6 (ordering bond hearing to cure legal defects underlying Petitioner's detention). And "[t]he consequence when the State fails to replace an invalid judgment with a

valid one is *always* release." *Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008) (emphasis added).

## V. CONCLUSION

In light of the foregoing, the Court **ORDERS** as follows:

(1) Petitioner's Amended Petition (Dkt. 9) is **GRANTED;**

(2) Respondents **SHALL release** Petitioner Juan Alberto Salazar-Mendoza from custody **IMMEDIATELY** either on his own recognizance or under conditions of supervision reasonably necessary to ensure his appearance; and

(3) Respondents **SHALL** file a declaration within **24 HOURS** of the issuance of this Order, confirming that Petitioner has been released from custody and providing the date and time of release.

Dated this 6th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge